**UNITED STATES of America,**

**v.**

**Kenneth VALENTINE, Defendant.**

**No. S 86 Cr. 375 (RWS).**

United States District Court,
S.D. New York.

July 1, 1986.

Rudolph W. Giuliani, U.S. Atty. for the S.D. of New York, New York City, for the U.S.; Thomas E. Moseley, Asst. U.S. Atty., of counsel.

Thomas Fitzpatrick, New York City, for defendant.

OPINION

SWEET, District Judge.

The government has brought a motion for a pretrial ruling for the admission of certain evidence and for reciprocal discovery pursuant to Rule 16, Fed.R.Crim.P. For the reasons set forth below, the motion will be granted in part and denied in part.

The defendant Kenneth Valentine ("Valentine"), a former broker with First Jersey Securities, Inc. ("First Jersey"), is charged with committing perjury before a federal grand jury in violation of 18 U.S.C. § 1623, having testified on two separate occasions that the $1,000 contribution which he made to the 1982 Jeffrey Bell for Senate Campaign was from his own personal funds and not through a loan from his branch manager at First Jersey. According to the government, Valentine did receive a loan from the branch manager which he subsequently repaid.

The government seeks permission to introduce at trial various testimonial and circumstantial evidence regarding the branch manager's activities in providing $1,000 loans to Valentine and other First Jersey brokers. Thus, the government intends to call other salesmen as witnesses to testify that the branch manager held meetings with them in which he solicited $1,000 contributions to the Bell campaign, offered to loan them $1,000 to make the contribution, and, in fact, loaned certain of them $1,000. Finally, the government plans to introduce successively numbered $1,000 checks from the branch manager to each of the contributing brokers, the standard form acknowledgment which each of the brokers signed in connection with their contributions, and the Bell campaign records reflecting receipt of the contributions.

The government contends that hearsay statements of the branch manager to other brokers and the documentary evidence of their transactions may be admitted under Rule 801(d)(2)(E), Fed.R.Evid., as a co-conspirator statement in furtherance of a conspiracy to defraud the United States under 18 U.S.C. § 371 by making

campaign contributions in violation of the individual limits fixed by Congress. While the admissibility of co-conspirator declarations does not depend on the inclusion of a count of conspiracy in the indictment, *United States v. Doulin*, 538 F.2d 466 (2d Cir. 1976), the government has failed to offer sufficient evidence to demonstrate the existence of a conspiracy. *See United States v. Geaney*, 417 F.2d 1116 (2d Cir.1969). First, it is not apparent that the actions complained of by the government would constitute a conspiracy to defraud the United States by violating the Federal Election Campaign Act. The applicable section of that Act provides that "[n]o person shall make contributions (A) to any candidate or his authorized political committees with respect to any election for federal office which, in the aggregate, exceed $1,000...." 2 U.S.C. § 441a(a)(1)(A).[1] Given the apparent repayment of all the loans extended by the branch manager, no single person gave the Bell campaign more than $1,000. While the parallel conduct of the brokers, the joint conversations, and the independent evidence of the contributions would be relevant as tending to prove a conspiracy, there is a failure of proof as to contributions in excess of $1,000. The government has not contradicted defense counsel's assertion that the individual brokers, including Valentine, repaid the branch manager and thus, while they may have agreed to contribute, each broker made his own contribution. Therefore, I conclude that the government may not rely on Rule 801(d)(2)(E) to admit otherwise inadmissible hearsay on the basis of co-conspirator declarations.

■ The government also contends that testimony by other brokers about the branch manager's solicitation and offer to loan comes within the exception to the hearsay rule stated in Rule 803(3) as evidence of the branch manager's "intent, plan [and] motive...." The branch manager's statements are a type of "verbal act" which is admissible "to shed light on ... [an action such as] the physical act of handing over money which may be ambiguous in the absence of qualifying words which indicate whether the donor intended a loan, gift, bribe, etc." 4 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 803(3)[02] at 803–110 (1985). Since his statements would also tend to demonstrate his motive and plan in connection with the $1,000 payments, it is relevant to the characterization of the transaction between the branch manager and Valentine. *See, e.g., United States v. Jenkins*, 579 F.2d 840, 842 (4th Cir.1978).

The legislative history of Rule 803(3) suggests that the branch manager's statements should be admitted only for the purpose of proving his own future acts and not to prove the acts of Valentine, but this Circuit has not yet reached this issue. *See United States v. Sperling*, 726 F.2d 69 (2d Cir.1984). The statements are nevertheless admissible against Valentine because his participation in transactions with the branch manager is established by independent evidence. *Id.* at 74; *United States v. Cicale*, 691 F.2d 95, 103–04 (2d Cir.1982). The admission of such statements will not be unduly prejudicial to Valentine since they are not being used to establish his participation in the transaction at issue but rather to shed light on the admitted transaction. *Cf. United States v. Kaplan*, 510 F.2d 606 (2d Cir.1974).

Finally, as discussed at oral argument, the defendant, having acceded to the government's proffer of discovery pursuant to Rule 16, is obligated to make available reciprocal discovery.

For the reasons set forth above, hearsay statements of the branch manager will be admitted pursuant to Fed.R.Evid. 803(3) but further hearsay evidence will not be admitted as co-conspirator declarations under Fed.R.Evid. 801(d)(2)(E).

IT IS SO ORDERED.

---

1. A contribution includes "any gift, subscription, loan, advance, or deposit of money or anything of value ..." 2 U.S.C. § 431(8)(A)(i).